IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD LAWSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 02 C 6508 |
| SHERIFF OF COOK COUNTY, | ) Wayne R. Andersen |
| Defendant. | ) District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on plaintiff's partial motion for summary judgment and defendant's motion for summary judgment. The plaintiff has brought two claims under 42 U.S.C. § 1983. First, he claims that the defendant violated his due process rights under the Fourteenth Amendment by denying him adequate medical treatment. Second, he claims that the defendant unlawfully prolonged his detention in police custody after he was released by a court order. Lawson has moved for summary judgment on his first claim. The defendant has moved for summary judgment on both claims. For the reasons stated below, plaintiff's motion for summary judgment is denied and defendant's motion is denied in part and granted in part.

### BACKGROUND

The plaintiff alleges the Cook County Sheriff's Office failed to provide him with appropriate medical treatment while he was detained at the Cook County Jail in 2002. According

1

to the plaintiff's complaint, he suffers from serious medical problems for which he takes prescribed medication. In 1989, Lawson was shot and as a result suffered an "L5 cord dysfunction," which resulted in bowel and bladder incontinence, which he has suffered from continuously since the shooting. Due to these injuries, Lawson requires several medications on a daily basis, including oxybutinin for pain and bladder control, and baclofen, a muscle relaxant, which minimizes involuntary twitching and lower back pain. Lawson also needs constant access to a toilet or diapers for his bowel incontinence.

In March of 1996, Lawson he was charged with, *inter alia,* armed robbery for a robbery and shooting that occurred on February 17, 1996. He was subsequently convicted of armed robbery in the Circuit Court of Cook County and was sentenced in July of 1999 to a term of life in prison. On December 28, 2001, the Illinois Appellate Court reversed his conviction and remanded the case for a new trial. *People v. Lawson,* 762 N.E.2d 633 (1st Dist. 2001).

On May 29, 2002, Lawson was transported from the Menard Correctional Facility ("Menard") to the Cook County Jail. Lawson maintains that when he left Menard, he was given a two-week supply of his medications and diapers, along with paperwork for County officials detailing his medical problems. Upon arriving at the Cook County Jail, he alleges that County officials confiscated his prescriptions under an official policy that bans prescribed medication unless issued by Cermak Hospital, which was not the case with plaintiff's medications. He further alleges that he was denied access to medication until July 9, 2002 and that his requests to officers and paramedics for medication were ignored. As a result, the plaintiff allegedly experienced pain in his back and legs and involuntary twitching. He also had trouble sleeping and was afraid to leave the toilet due to lack of bowel control.

2

Lawson was released on July 18, 2002, after pending criminal charges were dropped. He alleges, however, that the defendant unlawfully prolonged his detention in police custody after he was released by a court order on July 17, 2002. The court order stated that he was to be discharged "as to this case only." On July 17, 2002, County officials determined that a request should be made to the Illinois Department of Corrections ("IDOC") to determine if the plaintiff should be released or held on other charges. On July 18, 2002, County officials sent a fax to the IDOC requesting information regarding plaintiff's status. IDOC officials responded that he had no prior sentences and Lawson was released. He filed this lawsuit on September 12, 2002.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c); Advisory Committee's Notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. The Court must construe all

3

facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It is the function of this Court to determine whether a genuine issue of material fact exists. If a genuine issue of material fact does exist then the motion for summary judgment must be denied.

## DISCUSSION

Lawson's first claim is that the defendant violated his due process rights under the Fourteenth Amendment when he was denied adequate medical treatment at the Cook County Jail from May 29, 2002 until July 9, 2002 pursuant to the official policy of the Cook County Sheriff's Office. Both the plaintiff and the defendant have failed to show that no genuine issue of material fact exists and thus, both motions for summary judgment must be denied.

A state official violates the due process rights of a pretrial detainee when he acts with "deliberate indifference" toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The Seventh Circuit has observed that "deliberate indifference" is simply a synonym of intentional or reckless conduct, which is conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell v. Figel*, 950 F.2d 1285, 1290 (7th Cir. 1991). The question that the fact-finder must determine in this case is whether the conduct alleged by the plaintiff rises to the level of recklessness. There are two material factual discrepancies in the record before the Court that are outcome determinative under the "deliberate indifference" standard.

The first material discrepancy is whether or not the plaintiff received diapers upon his arrival at the Cook County Jail on May 30, 2002. The plaintiff claims in his deposition that after his two-week supply of medication and diapers from Menard was confiscated pursuant to the

4

Cook County Sheriff's official policy, he saw a doctor in receiving. He stated that "the doctor wrote a prescription out for my medicine, wrote a prescription out for some diapers, and I never received them for a while." The plaintiff further claims that he was forced to "tear up [his] bed sheet in order to wrap it around [him]" in place of the diapers he never received. The defendant, however, claims that "plaintiff was given a supply of 20 diapers on May 30, 2002, during the 3 p.m. to 11 p.m. shift." Daniel Brown, the Superintendent of the Records Division at the Cook County Department of Corrections, testified in his affidavit that on May 30, 2002, "there are two entries in the Officer's Living Unit Log regarding [the plaintiff]. The first indicates his arrival from Division 9 to Division 1 at 12:48 p.m. The second entry shows that Paramedic Horner was on deck to deliver 20 diapers to Lawson at 3:30 p.m." Brown's affidavit also states that on June 18, 2002, the "plaintiff requested more diapers and the nurse is told by the warehouse that more would be sent later. On June 19, 2002, the dispensary was called to request more Depends for plaintiff." Brown also testified that on June 27, 2002, four pairs of underwear were delivered to Lawson. Thus, it is unclear from the record before this Court when plaintiff actually received this supply of diapers, whether he received one supply or more, and how long he went, if ever, without diapers.

The second factual discrepancy exists over the date the plaintiff actually received his medication. The plaintiff initially stated in this litigation that he did not receive any medication at the Cook County Jail until June 6, 2002. Plaintiff also testified in his deposition that he did not receive any medication "until that sixth day-the date of the 6th." However, plaintiff has stated in his affidavit that he did not receive his medication until July 9, 2002, a discrepancy of three weeks and four days. The defendant's records show that the plaintiff's prescriptions were

being filled on a weekly basis, beginning on June 5, 2002. Brown's affidavit does indicate that the plaintiff complained that he had not received his medication on July 9, 2002. The defendant's records do not state whether these prescriptions were ever delivered to the plaintiff.

Furthermore, the deliberate indifference standard relevant to claim one includes a subjective element. The relevant subjective inquiry in a deliberate indifference case is whether the official actually knew about the plaintiff's condition, not whether a reasonable official should have known. *Riccardo v. Rausch*, 359 F.3d 510 (7th Cir. 2004). In order to prove the subjective elements of deliberate indifference to his medical needs, the plaintiff must prove the defendant knew there was a serious harm and refused to alleviate it. Although the plaintiff has indicated that he carried with him a "Health Status" form at the time he was transferred to Cook County Jail, nowhere in his deposition, affidavit, or complaint does he demonstrate that the defendant subjectively knew of the plaintiff's medical condition. Likewise, nowhere in any of the affidavits presented on behalf of the defendant does the defendant deny his knowledge of plaintiff's serious medical condition.

These discrepancies demonstrate a genuine issue of material fact that is outcome determinative under the deliberate indifference standard. The deliberate indifference standard rests on a differentiation between reckless conduct and conduct that does not rise to that level. It is entirely plausible that a jury may determine that an initial delay of a week due to a gaffe in delivering the May 29, 2002 prescription does not rise to the level of deliberate indifference necessary for the plaintiff's claim to prevail. However, it is also quite possible that a jury may determine that a five-week delay is indeed reckless. Thus, the factual discrepancies detailed above yield a genuine issue of material fact. A jury must be allowed to make a factual

determination regarding whether or not the defendant had actual knowledge of the plaintiff's medical condition as well as when and for how long the plaintiff was without diapers or his medication. Therefore, plaintiff's motion for summary judgment must be denied and defendant's motion for summary judgment must fail as to this claim.

Plaintiff's second claim is that the defendant unlawfully detained him for one day after his criminal case was dismissed by court order. To maintain this cause of action, plaintiff must demonstrate that the delay in his release was unreasonable. *Lewis v. O'Grady*, 853 F.2d 1366 (7th Cir. 1988). Here, the defendant has successfully carried his burden of demonstrating the lack of any genuine issue of material fact and his motion for summary judgment is granted as to this claim.

First, we note that the Sheriff is given wide discretion in releasing a discharged prisoner. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Second, a reasonable time must be allowed to process the release of the inmate when the basis for detention has ended. In this case, the delay was approximately twenty-four hours. Finally, considerations other than the time of detention should be considered in assessing whether a delay was reasonable. *Llaguno v. Mingey*, 739 F.2d 1186, 1196 (7th Cir. 1984). Other factors may include the reasons for delay, whether the delay was justified by administrative steps that were necessary to be taken, and the number of people to be processed. *Llaguno v. Mingey*, 739 F.2d 1186, 1196 (7th Cir. 1984). In this case, plaintiff was released by court order on July 17, 2002 but was not released from custody of the Cook County Jail until July 18, 2002. It appears that the delay of one day was justified by the necessary administrative procedures to be taken. Daniel Brown, Superintendent of the Records Division at the Cook County Department of Corrections, indicates in his affidavit that "standard procedure

when a prisoner is released is to first take him to the facility's bullpen for holding while inmate paperwork is sorted by category and disbursed to the proper offices for further action and processing." Besides the standard procedures, plaintiff was also discharged "as to this case only." Brown's affidavit states that "there was a 'writ return' to send plaintiff back to the IDOC. To expedite the process, a request was made to contact IDOC to determine if it was necessary to return plaintiff there." The IDOC Records Office closes at 4 p.m. daily. "At first opportunity, IDOC was contacted via Fax by the Cook County Department of Corrections regarding plaintiff requesting whether he was under any other sentences and need be returned or if he could be released. IDOC responded at 2:09 p.m., July 18, 2002, that plaintiff had no further cases or sentences and the return writ was vacated. Plaintiff's division was notified at 3:30 p.m. Plaintiff was sent for Dress and Release at 3:45 p.m. and was released at 6:15 p.m. on July 18, 2002." This delay here was due to the defendant's careful consideration of the fact that plaintiff was released "as to this case only." The delay of a day is entirely reasonable given the undisputed facts. Defendant took the time that was necessary to ensure that plaintiff was not being held for any other case to ensure that he would not be released if plaintiff was to be held for another crime and as soon as that inquiry was answered, plaintiff was released. Moreover, plaintiff has submitted no evidence that contradicts the defendant's factual assertions or explanations for the delay in his release. Therefore, defendant's motion for summary judgment is granted as to claim two.

## CONCLUSION

For the forgoing reasons the plaintiff's motion for partial summary judgment [31-1] is denied and the defendant's motion for summary judgment [33-1] is denied in part and granted in part.

This matter is set for status on February 17, 2005 at 9:00 a.m. It is so ordered.

                                                Wayne R. Andersen
                                                United States District Judge

Dated: January 26, 2005